**Ron SHIFLETT, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

**B. B. & H. Joint Venture, Intervenor.**

**No. 80–293.**

District of Columbia Court of Appeals.

Argued Nov. 25, 1980.

Decided May 18, 1981.

Robert K. Stumberg, Washington, D.C., with whom Lucy A. Weisz, Washington, D.C., was on brief, for petitioners.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on brief, for respondent.

Edward B. Webb, Jr., Washington, D. C., for intervenor.

Before KERN, HARRIS and MACK, Associate Judges.

PER CURIAM:

This is a petition for review of the Board of Appeals and Review (Board) decision to reinstate B. B. & H. Joint Venture's (Intervenor) permit to build a Burger King res-

---

taurant at 4422 Connecticut Avenue, N. W.[1] Petitioners are residents of the Connecticut Avenue area and three of them are also members of the local Advisory Neighborhood Commission (ANC). The Department of Licenses, Investigations and Inspections (Department) failed to notify petitioners of intervenor's application for its building permit although obligated by statute, D.C.Code 1978 Supp., § 1–171i(c)(3), to ensure that an ANC "is provided regularly by mail with a current list of applications for construction . . . permits" within the ANC's boundaries. Such notice, respondent agrees, should have been transmitted.

The ANCs were established by the Home Rule Act, D.C.Code 1978 Supp., § 1–171.[2] Subsection (d) stated in part:

In the manner provided by act of the Council . . . timely notice shall be given to each advisory neighborhood commission of requested or proposed . . . permits of significance to neighborhood planning and development . . . for its review, comment, and recommendation.

The Council subsequently passed enabling legislation, D.C.Code 1978 Supp., § 1–171a et seq., (ANC Act),[3] which provided in Section 171i(a) that an ANC might advise the appropriate District agency with respect to "all proposed matters of District government policy including decisions regarding planning, streets, . . . health, safety and sanitation which affect that Commission area" and in Section 171i(b) that 30-day written notice of such "District government . . . proposed actions" shall be given by mail to the affected ANC. We are persuaded that the issuance of the building permit in an ANC area is a matter of significance to the ANC for the purposes of § 171(d) and is also a matter of proposed policy regarding planning, streets, health, safety and sanitation for the ANC in whose boundaries the permit is granted.

This court in *Kopff v. District of Columbia Alcoholic Beverage Control Board*, D.C. App., 381 A.2d 1372 (1977), determined that at a minimum every decision that required a prior hearing was of sufficient "significance" within the statute's meaning to require written notice. The *Kopff* court did not exclude from the term "permits of significance" other agency actions not requiring hearings. In light of the language of the ANC Act identifying permits of construction as requiring notification, the Council in our view thereby placed them in a category of "permits of significance."

The record reflects the petitioners did in fact learn of the contemplated construction of the restaurant by observing the signs at the proposed site on Connecticut Avenue, and then took steps to identify the intervenor. Some of the petitioners and other citizens met with the intervenor's representatives at a regularly scheduled ANC meeting to review the building plans of the restaurant. At this meeting objections and opposition to these plans were voiced.

Petitioners then wrote a letter of complaint to the Department protesting their lack of notification. As a result, the Department suspended the building permit in order to provide the ANC with the opportunity for review and comment. So far as we can determine the ANC took no other action before any government agency directed at the building proposed and undertaken by intervenor. Intervenor appealed the suspension to the Board which then ordered the reinstatement of the building permit and refused to stay the effect of its order pending review of this court.[4] This court denied petitioner's motion for stay of the effectiveness of intervenor's construction permit pending resolution of their petition for review filed here. The restaurant has

1. This location is zoned for the construction and operation of a restaurant, and the intervenor now operates its restaurant there.

2. The District of Columbia Self-Government and Governmental Reorganization Act, Pub.L. 93–198, 87 Stat. 774 (1973).

3. Advisory Neighborhood Commissions Act of 1975, Oct. 10, 1975, D.C.Law 1–21.

4. The ANC was never notified of this hearing, thereby compounding the earlier government error of failure to notify the ANC of intervenor's application for a building permit.

been constructed and is currently in operation.

We do not condone the failure to notify petitioners in accordance with the applicable statute. In *Kopff* this court emphasized the importance of the notice requirement. We pointed out that the ANC Act requires that the view of the ANC be given "great weight" by the agency. Specifically, this court stated:

> It is a statutory method of forcing an agency to come to grips with the ANC view—to deal with it in detail, without slippage.... In summary, government agencies are charged to pay specific attention to the source, as well as the content, of ANC recommendations .... [*Id.* at 1384.]

Although the Department's failure to notify the ANC was error, we are persuaded that the error was harmless under the particular circumstances. First, petitioners did in fact learn of the proposed construction and met with intervenor's representatives to voice their concern. In addition, petitioners have the opportunity now and in the future, even though the restaurant is in operation, to present any objections, particularly those relating to safety from the traffic flow in the neighborhood, to the appropriate government agency. Finally, petitioners have failed to show that it was likely the permit would not have been issued had there been compliance with the 30-day notice requirement.

In sum, we hold that it is error to fail to notify an ANC of applications for building permits in its area, but that in this case the error was harmless because the ANC had actual knowledge of the impending construction and therefore had an opportunity to present its views.

*Petition denied.*