DISTRICT OF COLUMBIA, Appellant,

v.

Linwood DANIELS, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Byran K. McREYNOLDS, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

William HENNESSY, Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

Leonard BLAZIO, Appellee.

Nos. 85–1569 to 85–1572.

District of Columbia Court of Appeals.

Argued Feb. 11, 1987.
Decided April 3, 1987.

---

Charles L. Reischel, Deputy Corp. Counsel, with whom James R. Murphy, Acting Corp. Counsel, and George C. Valentine, Asst. Corp. Counsel, Washington, D.C., were on brief, for appellant.

Robert E. Deso, with whom James P. Wheeler, Washington, D.C., was on brief, for appellees.

Before MACK, NEWMAN and BELSON, Associate Judges.

## ORDER

PER CURIAM.

These are consolidated appeals from orders of the Superior Court, denying cross-motions for summary judgment and remanding denials of administrative sick leave to the Metropolitan Police Department (MPD or Department) after concluding that the Department had applied an inappropriate burden of proof in considering the officers' claims. Because denials of administrative sick leave are to be appealed first to the Office of Employee Appeals (OEA or Office) before judicial review can be sought, and because the Department—contrary to law and regulations—failed to inform the officers in these cases of their right to OEA review, we remand the claims for consideration by the OEA on the merits.

Linwood Daniels, Byran K. McReynolds, William Hennessy, and Leonard Blazio were denied administrative sick leave under D.C.Code § 1–613.3(j) (1981) for injuries or illnesses that they claimed were the result of their performance of duty as members of the Metropolitan Police Department.[1] Each of their claims was denied by Captain Charles E. Collins, Jr., the Medical Claims Review Officer, following a hearing and review of medical evidence. Captain Collins' decisions were affirmed by Assistant Chief Theodore Carr, the Administrative Services Officer. Thereafter, the MPD informed each claimant, via a memorandum signed by Carr, that "[t]his constitutes final department action in this matter and no further administrative appeal is permitted."

Each officer then filed an original action in Superior Court claiming that he had been erroneously denied administrative sick leave. Following a hearing on cross-motions for summary judgment, Judge Kessler, without deciding the merits of the individual officers' claims, concluded that the MPD had applied an inappropriate burden of proof. Therefore, she remanded the cases to the MPD for review of the administrative record and application of the proper standard of proof.

The trial court determined, and all parties agree, that a decision of the MPD denying administrative sick leave is a "grievance"[2] under the Comprehensive Merit Personnel Act (CMPA), D.C.Code § 1–601.1 et seq. (1981), and that as such, it must be appealed to the Office of Employee Appeals prior to judicial review.[3] It is

---

1. Administrative sick leave refers to absence from work not charged against individual officers' sick leave accounts because the absence is "due to injury or illness resulting from the performance of duty." D.C.Code § 1–613.3(j) (1981).

2. D.C.Code § 1–603.1 (10) (1981) provides:
    The term "grievance" means any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees.

3. D.C.Code § 1–606.3 (1981) provides:

    (a) Any employee may appeal a final agency decision ... resolving a grievance (pursuant to subchapter XVII of this chapter) ... to the Office [of Employee Appeals] upon the record and under such other rules and regulations which the Office may issue.

    ....

    (d) Any employee or agency may appeal the decision of the Office to the Superior Court of the District of Columbia for a review of the record and such Court may affirm, reverse, remove or modify such decision, or take any other appropriate action the Court may deem necessary.

also undisputed that both the D.C.Code [4] and the Rules and Regulations of the OEA [5] require that the Department inform the aggrieved employee of his or her right to appeal to the OEA. According to the representations of counsel, all police officers who are now denied administrative sick leave are informed at the conclusion of internal MPD review procedures of their right to appeal to the OEA. For these reasons, we believe that the proper course is to remand these cases for review by the OEA without any prejudice for the earlier failure to appeal to that Office.

Accordingly, it is ORDERED that these cases be remanded to the Superior Court to enter an order remanding to the Office of Employee Appeals, with directions that the OEA consider these cases on the merits in sequence as if they had come to the Office immediately following the final action by the MPD.

4. D.C.Code § 1–606.4(e) provides:
Each agency shall advise each employee against whom action is taken adversely affecting the employee of his or her right to appeal to the Office as provided in this subchapter.

5. OEA Rules and Regulations 602.3, 27 D.C.Reg. 4351–52 (1980) provides:
Notice of Appeal Rights; filing of petitions for appeal
When a board or commission, agency or independent personnel authority issues a decision to any employee on a matter appealable to the Office, the agency, board or commission, or independent personnel authority shall provide to the employee:
(a) Notice of the time limits for appealing to the Office and the address for filing the appeal;
(b) A copy of the Office of Employee Appeals regulations;
(c) A copy of the appeal form contained in Appendix I;
(d) Notice of any applicable rights to a grievance procedure; and
(e) A notice that there is a right to a lawyer or representative.