FELICITY'S, INC., Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF CONSUMER AND REGU-
LATORY AFFAIRS, Respondent.

Nos. 02–AA–369, 02–AA–370.

District of Columbia Court of Appeals.

Submitted Jan. 3, 2003.
Decided Feb. 27, 2003.

Ronald Gilchrist, filed briefs for petitioner.

Robert R. Rigsby, Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel, and William J. Earl, Assistant Corporation Counsel, filed a brief for respondent.

Before STEADMAN, SCHWELB, and GLICKMAN, Associate Judges.

SCHWELB, Associate Judge:

In these consolidated appeals, Felicity's, Inc., trading as Felicity's Cultural Center, appeals from two separate rulings of the District of Columbia Board of Appeals and Review (the Board). In No. 02–AA–369 (Appeal No. 1), Felicity's challenges the Board's ruling that Felicity's received sufficient notice in a matter in which a default was entered against it. Because we conclude that the notice provided to Felicity's was sufficient, we affirm. In No. 02–AA–370 (Appeal No. 2), Felicity's claims that a civil fine levied against it was improperly predicated on an admission made by one of its officers at a hearing at which counsel was not present. We vacate the Board's ruling in Appeal No. 2 on jurisdictional grounds, order the dismissal of Felicity's appeal to the Board without prejudice, and do not reach Felicity's substantive claims.

## I.

## THE ADMINISTRATIVE PROCEEDINGS

### A. *Appeal No. 1.*

In 1997, Felicity's was granted a certificate of occupancy and license to operate as a public hall by the District of Columbia Department of Consumer and Regulatory Affairs (DCRA). In August 2000, however, the DCRA did not renew Felicity's certificate and license. On January 18, 2001, and again on March 14, 2001, the DCRA issued notices of infraction in which it alleged that, in October and November of 2000, Felicity's had continued to operate as a public hall after its certificate and license had expired. Felicity's was also charged with having permitted the consumption of alcohol on its premises without a license during these time periods.

Originally, two hearing dates were set— one for May 29, 2001 and one for June 5, 2001. Aaron Adade, a principal officer of Felicity's, sent a letter to DCRA's Office of Adjudication (OAD) requesting that these hearings be postponed until September in order to accommodate the schedule of Felicity's attorney. The OAD denied this request and scheduled the hearing for June 5, 2001. The hearing was duly convened on that date. No one appeared on behalf of Felicity's, and the Administrative Law Judge (ALJ) entered a default. The default was vacated, however, when Mr. Adade sent a letter to the OAD explaining that he had been unexpectedly hospitalized on June 5, 2001. The ALJ rescheduled the hearing for July 19, 2001. The ALJ's order contained a signed certificate of service reflecting that a copy had been mailed to Mr. Adade and to his wife, Felicia D. Buadoo–Adade, the principal officers of Felicity's.

On July 19, 2001, a second hearing was held. Once again, there was no appear-

ance on behalf of Felicity's. The ALJ reinstated the default, and he imposed fines and penalties totaling $8,240.00.

Felicity's appealed to the Board, asserting that it had never received written notice of the second hearing. The Board concluded that proper written notice was given to Felicity's in the June 28, 2001 order, in which the original default was vacated and a new hearing date was set. The Board therefore affirmed the fines and penalties entered by the ALJ in light of Felicity's default. Felicity's then filed Appeal No. 1.

B. *Appeal No. 2.*

On December 13, 2000, the DCRA issued a notice of infraction charging Felicity's [1] with two violations of the District's zoning regulations. Specifically, Felicity's was alleged to have violated 11 DCMR § 2116.3, a regulation governing the location of parking spaces, and 11 DCMR § 2117.3, which regulates parking lot marking and maintenance. In March 2001, the parties submitted a proposed consent decree to an ALJ; however, the ALJ never signed the proposed decree, as certain matters were still unresolved. When several reinspections allegedly revealed that Felicity's had not cured the violations, the DCRA asked for a hearing on the original notice of infraction.

On September 7, 2001, the ALJ scheduled a hearing for September 26, 2001. On September 24, 2001, Felicity's requested a continuance. The ALJ denied this request because it was untimely, and because a reference by Felicity's attorney, in his moving papers, to an obligation to at-

tend another proceeding was not detailed enough to provide good cause for granting the requested postponement. On September 26, 2001, a hearing was convened. Present at the hearing were the ALJ, the Zoning Administrator, a DCRA attorney, and Mr. Adade, but no counsel for Felicity's appeared.

During the course of this hearing, Mr. Adade "admitted [the zoning violations] with explanation." [2] Based on this admission, the ALJ entered an order fining the appellant $50.00 for each infraction and imposing $40.00 in court costs, for a total of $140.00. Finally, the ALJ's order stated that "the respondent shall have fifteen (15) days from the receipt of this Order to file an appeal with the Board of Appeals and Review."

On October 17, 2001, Felicity's filed a motion to withdraw the "guilty plea," arguing, among other things, that Mr. Adade's admission was made without counsel present when, as the ALJ knew, Felicity's was indeed represented by counsel. The ALJ denied the motion; Felicity's then appealed to the Board.

On March 8, 2002, the Board dismissed the appeal, noting that, under the scope of review applicable to an admission with explanation, the Board would consider only whether the fine was within statutory limits. Concluding that it was, the Board affirmed the order of the ALJ. Appeal No. 2 followed.

## II.

## APPEAL NO. 1

■ At issue in Appeal No. 1 is whether Felicity's received adequate notice of the

---

1. The notice of infraction named Mr. and Mrs. Adade.

2. An answer to a notice of infraction may be any of the following: admitted; admitted with explanation; or denied. *See* D.C.Code § 2–

1802(a) (2001); 16 DCMR § 3103.2 (1998). If a respondent admits with explanation or denies a notice of infraction, DCRA schedules an evidentiary hearing. 16 DCMR §§ 3103.5 to –.6 (1998).

hearing at which a default was entered. When the original hearing dates were set—May 29 and June 5—Felicity's received formal written notice. This notice was proved by a signed certificate of service. In addition, it is evident that Felicity's must have received the notice, for Felicity's replied to it by requesting that the hearing be postponed until September.

"A notice of hearing sent pursuant to this chapter shall inform the respondent of the following: (a) The fact that a hearing has been scheduled; (b) The time, date, and location of the hearing; and (c) The respondent's rights at the hearing." 16 DCMR § 3103.7 (1998). The notice that Felicity's received in the first instance informed it of the hearing time and date, of the location at which Felicity's was to appear, and of Felicity's right to be represented by counsel, to call witnesses, to cross-examine adverse witnesses, and to present evidence. The notice also stated that a continuance would be granted, for good cause, only if a request therefor was submitted in writing at least five days before the hearing date. The notice that Felicity's received with respect to the first hearing dates comports with each of the requirements in the regulation.

When the ALJ vacated the first default, he sent Felicity's an order so providing. This order, subtitled "Vacating A Default Judgment and Setting Hearing Date," advised Felicity's that "the administrative hearing ... *shall go forward on July 19, 2001, at 9:15 a.m.*" (Emphasis in original.) This order also contained a signed certificate of service and thus adequately apprised Felicity's of the new hearing date and time. Felicity's thus received proper written notice in the first instance, replied to the notice, and received subsequent notice of the new hearing date and time.

Accordingly, we conclude that Felicity's was adequately apprised of its opportunity to be heard.

Moreover, Felicity's conspicuously refrains from asserting that it had no actual notice of the second hearing, and rightly so, since this was certainly not the case. Before reinstating the default, the ALJ received sworn testimony that an OAD scheduling coordinator had personally reminded Mr. Adade of the upcoming hearing, and that Mr. Adade had announced a conscious decision to ignore the proceeding. Thus, even if Felicity's had not been served with valid written notice of the second hearing, which it was, there was still an appropriate basis for reinstating the default. *See Monaco v. District of Columbia Bd. of Zoning Adjustment,* 461 A.2d 1049, 1051–52 (D.C.1983) (failure to provide formal notice required under agency rules is excused where party had timely actual notice); *Shiflett v. District of Columbia Bd. of Appeals & Review,* 431 A.2d 9, 11 (D.C.1981) (failure to give an Advisory Neighborhood Commission written statutory notice was harmless where it had actual notice and opportunity to be heard).[3]

### III.

### APPEAL NO. 2

 In the proceeding which generated Appeal No. 2, Felicity's was charged with violations of 11 DCMR § 2116.3 and § 2117.3. Both of these provisions can be found in Title 11 of the DCMR, entitled "Zoning Regulations." D.C.Code § 2–1803.1 (2001) provides in pertinent part: "The District of Columbia Board of Appeals and Review shall entertain and determine appeals timely filed by persons

---

**3.** It is fair to note, however, both in *Monaco* and in *Shiflett,* the parties received actual notice and did in fact participate in the hearings at issue.

aggrieved by order issued by hearing examiners pursuant to this chapter or by the Mayor, except that appeals involving ... the District of Columbia Zoning Regulations shall be entertained and determined by the District of Columbia Board of Zoning Adjustment [(BZA)] ...." Title 16 DCMR § 3118.10 (1998) reinforces this jurisdictional mandate: "Appeals involving infractions of laws relating to zoning ... and rules issued pursuant thereto, shall be heard by the District of Columbia Board of Zoning Adjustment." The Board of Appeals and Review was therefore without subject matter jurisdiction to hear Felicity's appeal in this case; the appeal should have been to the BZA. Lack of subject matter jurisdiction can be raised at any time during the course of a direct administrative appeal, and it therefore makes no difference that the issue was not raised before the ALJ or the Board. *See F.W. Woolworth v. District of Columbia Bd. of Appeals & Review,* 579 A.2d 713, 716–17 (D.C.1990). Accordingly, the decision of the Board of Appeals and Review is vacated, and the case is remanded to that Board with directions to dismiss Felicity's appeal to the Board without prejudice to an appeal to the BZA.[4]

*So ordered.*

---

4. We direct that the appeal to the Board of Appeals and Review be dismissed without prejudice, rather than with prejudice, because the ALJ explicitly stated in his Decision and Order: "Further [o]rdered: That the respondent shall have fifteen (15) days from the receipt of this [o]rder to file an appeal with *the Board of Appeals and Review.*" (Emphasis added.) Although the ALJ's order also contained an attachment advising aggrieved parties that "[i]f your matter concerns a violation of D.C. Zoning Regulations ... then your matter is appealable to the Board of Zoning Adjustment," Felicity's should not be penal-

ized or made to forfeit its appellate rights for following the course of action specified in the ALJ's order. "[W]here an agency fails to provide statutorily required notice to an [aggrieved party] of the body which an administrative appeal should be taken, 'the proper course is to remand [the case to that body] without prejudice for the earlier failure to appeal to [that body].'" *Simpson v. District of Columbia Office of Human Rights,* 597 A.2d 392, 402 n. 19 (D.C.1991) (quoting *District of Columbia v. Daniels,* 523 A.2d 569, 571 (D.C. 1987) (per curiam)).