Mohamed K. RADWAN, Petitioner,

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION,**
Respondent.

No. 94–AA–270.

District of Columbia Court of Appeals.

Submitted Sept. 19, 1996.

Decided Oct. 17, 1996.

Gary D. Wright, Bethesda, MD, was on the brief, for petitioner.

Charles F.C. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, and Phillip A. Lattimore, III, Assistant Corporation Counsel, were on the brief, for respondent.

Before WAGNER, Chief Judge, REID, Associate Judge, and PRYOR, Senior Judge.

WAGNER, Chief Judge:

Petitioner, Mohamed K. Radwan, appeals the decision of the District of Columbia Rental Housing Commission (Commission) denying his motion to set aside a default judgment in favor of his tenant in the amount of $5,546.88 for overcharges in rent. The Commission denied Radwan's motion because Radwan failed to proffer a defense to the complaint. Radwan argues that because no response is required to the tenant's petition under the agency's regulations, he had no opportunity to present a defense. He also contends that he was entitled to a hearing on the question whether the hearing examiner informed him erroneously that the hearing would not be held. We affirm.

**I.**

On October 5, 1990, Ms. Joyce A. Smith, a tenant at 225 36th Street, N.E., Apt. 102, filed a complaint alleging that Radwan, her landlord, had charged her rent exceeding the rental ceiling.[1] A hearing was scheduled for March 11, 1991 at which Smith appeared, but Radwan did not appear personally or through counsel. In a decision issued on December 17, 1992, the hearing examiner for the Rental Accommodations and Conversion Division of the Department of Consumer and Regulatory Affairs (RACD) found that Radwan charged Smith rent that exceeded the rent ceiling. Therefore, the examiner ordered a refund, covering sixteen months of overcharges with 8% interest in the total amount of $5,546.88.

Radwan noted an appeal and requested that the decision be vacated. Radwan claimed that he appeared on the scheduled date, March 11, 1991, but the hearing examiner, Gerald Roper, informed him that the hearing would not be held and instructed him to leave the hearing room. Radwan also stated that the hearing examiner might have been referring to a hearing for a tenant named Gray, instead of Smith, who was a party in a case in which Radwan was involved. Radwan stated that he checked with the office of the RACD and was informed that the hearing would be rescheduled. He contended that he heard nothing further until receiving the decision and order. Radwan asserted before the Commission that the hearing examiner's order should be vacated and that he should be allowed "to provide proof of the correctness of the rent ceiling."

After a hearing, the Commission issued a decision and order on February 4, 1994. The Commission observed in the order that although petitioner's counsel represented that the hearing examiner probably confused this case with *Gray v. Amirco*, another case involving petitioner's company, Amirco, the record for March 11, 1991 reflected that the only hearing scheduled involved Joyce A. Smith. There was no hearing shown for anyone named Gray. Having taken official notice of the agency's records concerning the scheduled hearings, citing D.C.Code § 1–1509(b) (1992), the Commission granted Radwan an opportunity to show the contrary.[2]

In determining whether to set aside the judgment, the Commission applied Super. Ct. Civ. R. 60(b), taking into consideration the factors relied upon by the courts in deciding such motions as set forth in *Starling v. Jephunneh Lawrence Assocs.*, 495 A.2d 1157 (D.C.1985).[3] The Commission concluded that

---

1. "Rental ceiling" is "the sum of the 'base rent' and all duly authorized rent increases." *See Winchester Van Buren Tenants Ass'n v. District of Columbia Rental Hous. Comm'n*, 550 A.2d 51, 53 (D.C.1988).

2. D.C.Code § 1–1509(b) states in pertinent part:

   Where any decision of the Mayor or any agency in a contested case rests on official notice of a material fact not appearing in the evidence in the record, any party to such case shall on timely request be afforded an opportunity to show the contrary.

3. Super. Ct. Civ. R. 60(b) reads as follows:

   On motion and upon such terms as are just, the Court may relieve a party ... from a final judgment, order, or proceeding for the follow-

petitioner met the first three factors of notice, good faith, and prompt action, but failed to meet the fourth, *i.e.,* presentation of a defense to the tenant's petition. Therefore, the Commission affirmed the decision and order.

## II.

Radwan argues that he did not have an opportunity to present an adequate defense because the Commission's regulations do not require a response to a tenant complaint nor permit the presentation of new evidence on appeal. He contends that the Commission should not have applied the factors employed by the Superior Court in deciding a motion under Super. Ct. Civ. R. 60(b) because there is no requirement for filing a verified answer under the rules for the RACD or the Commission. The District responds that the Commission did not abuse its discretion in denying the motion to set aside the default where Radwan simply failed to proffer any evidence of a defense.[4] Before addressing these issues, we review briefly the procedures of the agency as they pertain to this case.

Upon receipt of a tenant petition, the Rent Administrator is required to send a copy to the housing provider. 14 DCMR § 3902.4 (1991). As Radwan points out, the regulations do not require that the housing provider file an answer to the petition; however, there is no regulation prohibiting the filing of an answer. After a hearing on the merits, the hearing examiner issues a decision which becomes final unless a motion for reconsideration is filed. 14 DCMR §§ 4012, –4012.5 (1991). A motion for reconsideration may be filed within ten (10) days of receipt of the examiner's decision. Among the reasons for filing such a motion is where there is a default because of the party's non-appearance. *Id.* § 4013.1(a) (1991). Radwan filed such a motion in this case. Failure of the hearing examiner to act upon the motion within ten (10) days after receipt "constitute[s] a denial of the motion for reconsideration." 14 DCMR § 4013.5 (1991); *see also id.* § 4013.2 (1991). In this case, the hearing examiner did not act on Radwan's motion, which constitutes a denial. Radwan appealed to the Commission and filed a brief in support of his position as provided in the regulations. *See* 14 DCMR § 3802.8 (1991). Radwan did not proffer in any of his filings with the Commission a defense to the tenant's claim against him.

The ruling on a motion for relief from judgment or order is within the sound discretion of the tribunal. *See Dunn v. Profitt,* 408 A.2d 991, 992–93 (D.C.1979); *see also Clay v. Deering,* 618 A.2d 92, 94 (D.C.1992). The question here is whether the Commission abused its discretion. The agency's regulation governing setting aside an order or judgment is virtually identical to Super. Ct. Civ. R. 60(b).[5] Absent a regulation specifically governing the exercise of the Commission's discretion, it is not unreasonable for the agency to look to factors relied upon by the courts under a similar rule and similar circumstances. Here, the Commission relied

---

ing reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.

**4.** The District relies upon 14 DCMR § 3802.6 (1991); however, this regulation only provides that:

Any party upon whom a notice of appeal has been served may file an answer with the Commission within ten (10) days of service and shall serve a copy on the other parties. *Id.* ·

**5.** Neither party cited specifically 14 DCMR § 4017.1 (1991), although it appears to be relevant. No other regulation was cited by the parties, and none has come to this court's attention

. addressing relief from judgment or order. The regulation provides in pertinent part as follows:

On motion and upon such terms as are just, the Rent Administrator may relieve a party from a final judgment, order, or proceeding for the following reasons:

(a) Mistake, inadvertence, surprise, excusable neglect; newly discovered evidence which by due diligence could not have been discovered in time to move for reconsideration under § 4013 [ (1991) ].

*Compare* Super. Ct. Civ. R. 60(b). *See* note 3, *supra.* Even assuming the regulation is not applicable where a timely motion for reconsideration has been filed, absent any other controlling regulation, we perceive no error in the Commission's reliance on principles applied in interpreting the rule when it exercises its discretion in such matters.

upon Super. Ct. Civ. R. 60(b) and cases interpreting that rule. The Commission stated that it considered Super. Ct. Civ. R. 60(b) to be controlling. While we find no reason to conclude that the Commission is bound by the Superior Court's rule, we find no error in its reliance upon principles involving its application for guidance, particularly considering that its own regulation is virtually identical to Rule 60(b).[6]

■ The disposition of a motion to set aside a default depends upon the particular facts of the case. This court has identified four factors pertinent to that determination. These include: (1) whether the movant had actual notice of the proceeding; (2) whether he acted in good faith; (3) whether the moving party acted promptly; and (4) whether a *prima facie* adequate defense was presented. Against these factors, prejudice to the non-moving party must be considered. *Dunn, supra,* 408 A.2d at 991. The Commission found that although the first three factors favored Radwan, Radwan failed to offer any defense. Although the Commission's rules require no responsive pleading to a tenant's complaint, as Radwan points out, as the proponent of a motion to vacate default judgment, he had the burden of establishing his entitlement to relief. Nevertheless, Radwan failed to proffer any defense to the allegations of overcharging in the tenant's complaint in any of the filings before the Commission.

In this case, the agency's decision finding Radwan liable for rent overcharges is not based solely upon the tenant's testimony. The examiner found the tenant's testimony as to the rent ceiling was corroborated by the agency's own records.[7] Radwan, who was sent a copy of the hearing examiner's decision, has never asserted that the agency's records were erroneous or that the tenant's rent was not $550 per month as she testified. Radwan's only factual proffer was that the hearing examiner may have confused the scheduling of the hearing on the tenant's petition in this case with another

case which he had before the Commission. The Commission took official notice of its records which failed to disclose the case to which Radwan referred and provided Radwan an opportunity to show the contrary as provided by statute. Radwan does not claim that he ever made that showing. Under these circumstances, we can not say that the Commission abused its discretion in denying Radwan's motion to set aside the default judgment. Considering the facts presented on the record and at the hearing and the basis for the Commission's exercise of its discretion, no further hearing was required.

For the foregoing reasons, the order of the Commission is

*Affirmed.*

apartment. It determined that Radwan was charging the tenant $550 per month, which exceeded the rent ceiling.

---

6. *See* note 5, *supra.*

7. Based upon the registration form filed by Radwan with the agency, the hearing examiner determined that the rent ceiling was $229 for the