**Joseph MULLIN, et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,**

**N. Street Follies Limited Partnership, Intervenor.**

**No. 98–AA–1039.**

District of Columbia Court of Appeals.

Argued Jan. 11, 2000.

Decided March 9, 2000.

Joseph Mullin, pro se. Georgette Miller was also on the brief.

Mark E. Brodsky, Bethesda, MD, for intervenor.

Jo Anne Robinson, Principal Deputy Corporation Counsel, and Charles L. Reis-chel, Deputy Corporation Counsel, filed a statement in lieu of brief for respondent.

Before WAGNER, Chief Judge, REID, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

Petitioners Joseph Mullin and Georgette Miller petition for review of a decision of the District of Columbia Rental Housing Commission ("RHC") dismissing their claims due to their failure "to comply with the Commission's order dated April 18, 1995," by establishing an escrow account and paying the amount of increased rent ordered by the Rent Administrator, or by purchasing a supersedeas bond. We vacate the April 30, 1998 dismissal order[1] and remand the case to RHC for an interpretation of the agency's authority under 14 DCMR § 3805.6 (1991), or any other applicable regulation, or statutory provision, to dismiss an appeal.

## FACTUAL SUMMARY

On August 24, 1993, intervenor N Street Follies Limited Partnership ("N Street") filed a hardship petition with the Rental Accommodations and Conversion Division ("RACD") of the District of Columbia Department of Consumer and Regulatory Affairs to increase rent at 1755 N Street, Northwest. On January 21, 1994, the Rent Administrator issued its audit report approving the petition and a 192% rent increase effective January 1, 1994.

On March 7, 1994, petitioners, who were tenants of two units at N Street, filed their "Exceptions and Objections" to the audit report. A hearing was held on March 30, 1994 and April 20, 1994. On January 18, 1995, the hearing examiner issued an amended order affirming the audit report. After their motion for reconsideration was denied, petitioners filed a notice of appeal with the RHC.

---

1. Similarly, we vacate the June 17, 1998 "Order on Motion for Reconsideration."

On April 18, 1995, the RHC issued an order requiring petitioners, within five days, to establish an escrow account and pay the increased rent, or purchase a supersedeas bond. The order also stated: "If [petitioners] have not complied with 14 DCMR §§ 3802, 3805, and 3806 within five days after the date of this order, the Rent Administrator may initiate enforcement proceedings upon motion by the housing provider."

On March 12, 1997, N Street sent a letter to the Department of Consumer and Regulatory Affairs expressing its view that the Rent Administrator had no means of enforcing RHC's order. On October 22, 1997, RACD responded and indicated that N Street's "appropriate remedy would be an action in the Landlord and Tenant Branch of Superior Court." On December 2, 1997, N Street sent the RHC a letter advising it of RACD's response and requesting "a hearing on the merits of the [petitioners'] appeal from the January 18, 1995 Amended Decision and Order ..."

On January 25, 1998, a hearing was held by the RHC. At the hearing, N Street moved for a dismissal of petitioners' claims on the basis that petitioners never complied with the April 18, 1995 order. On April 23, 1998, N Street filed a written motion for dismissal.[2] Petitioners filed an opposition to the motion.

On April 30, 1998, the RHC issued an order addressing N Street's motion to dismiss. Although the RHC examined and ruled on the merits of many of petitioners' claims, it nonetheless dismissed petitioners' appeal because they failed to comply with its April 18, 1995 order requiring them to establish and pay into an escrow account the increased amount of the rent, or purchase a supersedeas bond. On June 17, 1998, the RHC issued an order denying petitioners' motion for reconsideration of the dismissal. Subsequently, petitioners filed a petition for review in this court.

## ANALYSIS

Petitioners' brief in this matter focuses on the RHC's consideration of and rulings on the merits of their claims. However, N Street contends that because petitioners failed to comply with the RHC's order of April 18, 1995, the RHC properly dismissed their appeal. In their reply brief, petitioners in essence argue that the RHC improperly dismissed their appeal and actually decided to hear the appeal and address the merits of their claims.

 " 'Although we are vested with the final authority on issues of statutory construction, [w]e must defer to an agency's interpretation of the statute [and implementing regulations] which it administers ... so long as that interpretation is reasonable and consistent with the statutory language.' " *Franklin v. District of Columbia Dep't of Employment Servs.*, 709 A.2d 1175, 1176 (D.C.1998) (quoting *District of Columbia v. Davis*, 685 A.2d 389, 393 (D.C.1996)) (internal quotations and citation omitted); *see also Hanson v. District of Columbia Rental Hous. Comm'n*, 584 A.2d 592, 595 (D.C.1991). However, such deference "is not warranted when ... 'the record is barren of any indication that the agency gave any consideration at all to the statutory [or regulatory] language or to the structure or purpose of the provisions which were ostensibly being construed.' " *Springer v. District of Columbia Dep't of Employment Servs.*, 743 A.2d 1213, 1218 (D.C.1999) (quoting *Coumaris v. District of Columbia Alcoholic Beverage Control Bd.*, 660 A.2d 896, 900 (D.C.1995)).

 The threshold issue in this case is whether RHC had the authority to dismiss petitioners' claims for non-compliance with the April 18, 1995 order.[3] Its dis-

---

2. On March 25, 1998, RHC issued a written order requesting that N Street provide a written version of its motion for dismissal.

3. If the RHC determines that it has neither statutory nor regulatory authority to dismiss an appeal, then it must address all of the

missal order of April 30, 1998 does not specifically address this issue, although it appears to rest its authority, at least in part, on 14 DCMR § 3805.6 which provides:

> If a party comes before the Commission at a hearing on appeal and the provisions of §§ 3802.10, 3802.11 or 3805.5 have not been met, the Commission *may* decide the appeal or may refer the noncompliance to the Rent Administrator for action. [Emphasis added].

Section 3805.6 provides for two explicit remedies, but does not mention dismissal as an appropriate remedy; nor have we been able to find any statutory or regulatory provisions explicitly governing dismissals of appeals by the RHC. Dismissal is a drastic remedy and the authority for it must be clear. *See Coumaris, supra,* 660 A.2d at 901–902.

Accordingly, we vacate the RHC's April 30, 1998 dismissal order and remand the case for further proceedings consistent with this opinion.

*So ordered.*

claims raised by the petitioners in their notice of appeal.