Rufus STANCIL, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL
HOUSING COMMISSION,
Respondent.

No. 01–AA–5.

District of Columbia Court of Appeals.

Submitted Dec. 18, 2001.
Decided Sept. 12, 2002.

Bernard A. Gray, Washington, DC, was on the brief, for petitioner.

Robert R. Rigsby, Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief, for respondent.

Before TERRY and RUIZ, Associate Judges, and NEBEKER, Senior Judge.

TERRY, Associate Judge:

Petitioner seeks review of an order of the Rental Housing Commission ("RHC") dated October 20, 2000, which dismissed petitioner's appeal after he and his counsel failed to appear at a scheduled hearing before the RHC. Before this court petitioner contends that the RHC exceeded its authority under the Rental Housing Act and its regulations when it dismissed the appeal, and that it abused its discretion when it failed to consider a lesser sanction. We affirm.

I

This case began with a complaint filed with the Housing Regulation Administration by a tenant in one of petitioner's apartment buildings. The tenant's complaint alleged various housing code violations. After a hearing on the merits, the Rent Administrator decided the case in favor of the tenant. Petitioner then noted an appeal to the RHC, raising a number of evidentiary issues and contesting the damages award. The RHC affirmed the deci-sion of the Rent Administrator, but re-manded the case to correct an error in the damages computation. The Rent Adminis-trator later issued a new order that modi-fied the rent ceiling calculation used in its original order, but preserved the total award of damages against petitioner.

Petitioner again appealed to the RHC. After a hearing was scheduled, the RHC sent a notice of the hearing date to the parties by certified mail. The notice included the following warning: "The failure of either party to appear at the scheduled time will not preclude the Commission from hearing oral argument of the appearing party and/or disposing of the appeal." The notice also warned, "Failure of an appellant to appear may result in the dismissal of that party's appeal." Despite the notice and the warnings, neither petitioner nor his counsel appeared at the hearing. As a result, the RHC issued an order dismissing the appeal.

After the order was issued, petitioner filed a motion for reconsideration which stated that petitioner's counsel had failed to appear because he had not noted the hearing date on his calendar. The RHC denied the motion, and petitioner filed the instant petition for review.

II

In general, this court reviews an agency decision only to determine whether it is arbitrary, capricious, an abuse of dis-cretion, or otherwise contrary to law. *See, e.g., Olson v. District of Columbia Dep't of Employment Services,* 736 A.2d 1032, 1037 (D.C.1999). However, "the function of the court in reviewing administrative action is to assure that the agency has given full and reasoned consideration to all material facts and issues. The court can only per-form this function when the agency dis-closes the basis of its order by an articula-

tion with reasonable clarity of its reasons for the decision." *Dietrich v. District of Columbia Board of Zoning Adjustment*, 293 A.2d 470, 473 (D.C.1972). Petitioner argues that the RHC failed to meet this requirement in this case.

■ The RHC articulated its authority to dismiss an appeal—not in this case, but in its earlier decision in *Tenants of 1755 N Street, N.W. v. N Street Follies Limited Partnership*, HP 20,746 (RHC June 21, 2000). In *1755 N Street* the RHC responded to a remand from this court in *Mullin v. District of Columbia Rental Housing Comm'n*, 747 A.2d 135 (D.C. 2000). When the tenants in *Mullin* failed to comply with the RHC's order to establish an escrow account for the payment of rent, the RHC granted the landlord's motion to dismiss the petition as a sanction for the tenants' failure to comply. On review, this court remanded the case and directed the RHC either to determine its authority to dismiss appeals or, if it found no such authority, to address the claims raised by the tenants on the merits. *Id.* at 137–138 & n. 3.[1]

Addressing our opinion in *Mullin*, the RHC ruled that it had the power to dismiss appeals, basing its decision on two independent grounds. *1755 N Street*, slip op. at 10–14, 22–25. The principal ground was the RHC's construction of one of its own regulations in tandem with the rules of this court. While no specific provision in Chapter 38 of Title 14 of the District of Columbia Municipal Regulations ("the RHC regulations") explicitly grants authority to the RHC to dismiss an appeal for failure to comply with RHC rules,

there is a catch-all regulation that invokes the use of the rules of this court and the rules of the Superior Court when the relevant regulations do not provide guidance on a particular matter. The catch-all provision states:

> When these rules are silent on a procedural issue before the Commission, that issue shall be decided by using as guidance the current rules of civil procedure published and followed by the Superior Court of the District of Columbia and the rules of the District of Columbia Court of Appeals.

14 DCMR § 3828.1, 45 D.C. Register 687 (1998).

Although this court has never reviewed section 3828.1 of the RHC regulations, we have looked favorably on the RHC's decision to adopt procedures employed by the courts of the District of Columbia when there is no applicable regulation. *See Radwan v. District of Columbia Rental Housing Comm'n*, 683 A.2d 478, 480 (D.C. 1996) ("Absent a regulation specifically governing the exercise of the Commission's discretion, it is not unreasonable for the agency to look to factors relied upon by the courts under a similar rule and similar circumstances."). In *1755 N Street*, the RHC construed section 3828.1 in light of *Radwan* as authorizing dismissal, concluding that "the Commission derived its authority to dismiss the Tenants' appeal from the rules of [this court], which previously approved in *Radwan* the Commission's reliance on [the court's] rules." *1755 N Street*, slip op. at 25.

---

1. Prior to *Mullin*, the RHC had a long line of apparently unchallenged decisions in which it dismissed appeals when an appellant failed to appear at a hearing. *See, e.g., Stewart v. King*, TP 12,072 (RHC September 3, 1987); *Thomas v. Durant*, TP 20,379 (RHC August 7, 1987); *Lyons v. Stewart*, TP 11,986 (RHC July 9, 1987); *Tenants of 6505 14th Street v. George Borger, Inc.*, CI 10,094 (RHC February 26, 1986); *Shannon & Luchs v. Kinney*, TP 11,085 (RHC May 8, 1984); *Huff v. Louis Rudden Real Estate*, TP 10,563 (RHC June 14, 1983); *Choudhury v. Randolph*, TP 11,138 (RHC April 25, 1983).

This court's Rule 14 permits dismissal of an appeal "for failure to comply with these rules or for any other lawful reason." In addition, our Rule 13 authorizes an appellee to file a motion to dismiss whenever an appellant fails to take the necessary steps to comply with the court's procedural rules. Rule 13 states in part:

If the appellant shall fail to cause timely transmission of the record or to pay the docket fee if required, or to take necessary steps within the time limitations fixed by these rules, any appellee may file a motion in this court to dismiss the appeal.

Both Rule 13 and Rule 14 support the proposition that dismissal is an appropriate sanction when an appellant is not diligent about prosecuting his appeal. Given our decision in *Radwan*, we cannot find fault with the RHC's consideration of our rules in applying section 3828.1 of its own regulations.

In addition to relying on section 3828.1, the RHC ruled in *1755 N Street* that it possessed an inherent power to dismiss an appeal as part of its general power to hear and dispose of motions. Citing D.C.Code § 45–2512(a)(2) (2000 Supp.),[2] which authorizes it to "[d]ecide appeals brought to it from decisions of the Rent Administrator," the RHC held that its general jurisdiction as an appellate tribunal gave it the power to oversee motions practice. Comparing itself in this respect to this court, the RHC reasoned that "[m]otions practice implicitly involves the granting, denying, or dismissal of issues and cases." *1755 N Street*, slip op. at 12–13. In a similar vein, a judge of

this court has observed that an implicit power to dismiss a petition is likely within an agency's administrative power. *Coumaris v. District of Columbia Alcoholic Beverage Control Board*, 660 A.2d 896, 903 (D.C.1995) (Pryor, J., concurring) ("It would seem implicit, though not expressly written, that the Board has the authority to dismiss a petition"). Absent any persuasive authority to the contrary, we can discern no flaw in the RHC's reasoning.[3]

■ We are also unpersuaded by petitioner's alternative argument that the RHC abused its discretion by failing to consider a lesser sanction. The alternative "sanctions" proposed by petitioner either are untenable or suggest that the commission should have been more indulgent in considering his failure to appear. First, petitioner asserts that the RHC could have decided the appeal on the briefs, but he also admits that he did not even submit a brief. We see no reason in these circumstances why the RHC should have entertained this alternative. Second, petitioner suggests that the RHC could have granted a continuance and rescheduled the hearing, but he did not take any steps to seek a continuance. Given petitioner's lack of initiative, the RHC was surely under no duty to grant a continuance *sua sponte* on his behalf.

■ Petitioner further contends that his "counsel's negligence in failing to note [the hearing date on] his calendar does not show a willful or negligent disregard for any rule of the Commission" and that "[t]his act of negligence does not rise to

2. Recodified as D.C.Code § 42–3502.02 (2001).

3. In the instant case, the RHC in its dismissal order cited *Polinger Shannon & Luchs Co. v. Alpar*, TP 24,417 (RHC November 10, 1999), to support the proposition that the RHC has authority to dismiss an appeal when the ap-

pellant fails to appear at a scheduled hearing. *Polinger* did not rest on the more recently articulated reasoning of *1755 N Street*. Nevertheless, we see no need to remand the case to the RHC for modification of its order, since we find ourselves in agreement with the more soundly reasoned decision in *1755 N Street*.

the level that should deprive a party of his right to a decision on the merits of his case." For the reasons we have already stated, we conclude that the selection of a sanction for petitioner's admitted "negligence" was for the RHC to decide as a matter within its broad discretion.

Finally, we note that petitioner has essentially had his "day in court." The parties tried the case before the Rent Administrator, and petitioner lost on the merits. The only remaining issue to be addressed on his second appeal concerned the damages that petitioner owed to his tenant. Petitioner's failure to pursue the appeal is the source of his own misfortune. The RHC was under no obligation to relieve him of the consequences of his own lack of diligence.

For the foregoing reasons, the Rental Housing Commission's order dismissing petitioner's administrative appeal is

*Affirmed.*