**Joseph MULLIN, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**N Street Follies Limited Partnership, Intervenor.**

**No. 00–AA–926.**

District of Columbia Court of Appeals.

Argued April 22, 2002.
Decided March 18, 2004.

Joseph Mullin, pro se.

Sheila Kaplan, Assistant Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel at the time, and Charles Reischel, Deputy Corporation Counsel at the time, were on the brief for respondent.

Mark E. Brodsky, filed a statement in lieu of brief for intervenor.

Eric Von Salzen, Washington, DC, court-appointed counsel, with whom Marta I. Tanenhaus, was on the brief, amicus curiae.

Before SCHWELB and REID, Associate Judges, and BELSON, Senior Judge.

REID, Associate Judge:

This matter involves the authority of the Rental Housing Commission ("RHC" or "Commission") to dismiss an appeal. We remanded the matter to the RHC for reconsideration of its authority to dismiss petitioner Joseph Mullin's appeal due to his failure to comply with an order of the RHC. We now hold that the RHC had inherent authority to dismiss Mr. Mullin's appeal because of his failure to comply with an order of the Commission, and that the RHC's interpretation of its implementing regulations to allow for such dismissal is reasonable.

## FACTUAL SUMMARY

On March 9, 2000, we vacated the RHC's order dismissing Mr. Mullins' appeal, and remanded this matter "for an interpretation of the agency's authority under 14 DCMR § 3805.6 (1991), or any other applicable regulation, or statutory provision, to dismiss an appeal." *Mullin v. District of Columbia Rental Hous. Comm'n,* 747 A.2d 135, 136 (D.C.2000). In response to the remand order, the RHC issued an order inviting "the parties to submit their briefs on the [remand] issue." The RHC also held a hearing on the matter and then issued a remand decision. Two of the RHC Commissioners concluded that the RHC had the authority to dismiss Mr. Mullin's appeal based on (1) the language of 14 DCMR § 3805.6;[1] (2) the combination of 14 DCMR § 3828.1[2] and the procedural rules of the Superior Court of the District of Columbia; and (3) the RHC's "implicit or inherent power to sanction by dismissal of an appeal for disobedience of a protective order." One RHC Commissioner dissented concluding that, "[n]either the [rental housing] statute nor [the implementing] regulations empower the Commission to sanction parties." *Id.* at 27. But the dissent acknowledges that under 14 DCMR § 3802.13, the RHC "may dismiss an appeal when a party fails to meet with the requirements of 14 DCMR [§ ] 3802.5, which governs the contents of a notice of appeal." After receiving the Remand Decision, this court appointed an amicus curiae and also permitted the parties an opportunity to file a supplemental brief in response to the Remand Decision.

## ANALYSIS

Mr. Mullin argues that the RHC had no power to dismiss his appeal, and concludes that the RHC's analysis of its authority to do so "rests on a presumptive foundation of discretionary power" and suggests, in the words of former Supreme Court Justice Douglas, that " 'discretion' [has been used] to mask irresponsible [agency] action ...." The District of Columbia has maintained, in summary, that "where the tenant refused to comply with [a RHC] order, the [RHC] had authority to dismiss [peti-

---

**1.** 14 DCMR § 3805.6 provides: "If a party comes before the Commission at a hearing on appeal and the provisions of §§ 3802.10, 3802.11 or 3805.5 have not been met, the Commission may decide the appeal or may refer the non-compliance to the Rent Administrator for action." Section 3805.1 pertains to a stay of the Rent Administrator's final decision and states: "A party appealing a final decision of the Rent Administrator which awards other than the payment of money as provided in §§ 3802.10 and 3802.11 may seek a stay of the final decision by filing a motion which complies with the provisions of this section and § 3814." Section 3802.10 relates to the procedure for effecting a stay: "Any party appealing a decision of the Rent Administrator which orders the payment of money may stay the enforcement of such decision by establishing an escrow account or purchasing a supersedeas bond which complies with the requirements of § 3806 within five (5) days of filing the notice of appeal."

Section 3802.11 specifies what the money payment or bond must cover and sets forth the procedures governing the payment:

> The payment of money described in § 3802.10 shall include the award of rent increases to a housing provider. Establishment of an escrow account or the purchase of a supersedeas bond pursuant to § 3802.10 shall be based on at least six (6) months of the rent increase per party appealing; Provided, that the escrow account may be paid in monthly deposits during the pendency of the appeal and the appellee shall be notified of the deposits.

**2.** 14 DCMR § 3828.1 states: "When these rules are silent on a procedural issue before the Commission, that issue shall be decided by using as guidance the current rules of civil procedure published and followed by the Superior Court of the District of Columbia and the rules of the District of Columbia Court of Appeals."

tioners] appeal." The court-appointed amicus curiae, Eric Von Salzen, Esq., concluded that the RHC's Remand Decision contains a reasonable interpretation of its powers and further, "[t]o deny the [RHC] the power to enforce its orders by the sanction of dismissal if necessary would undermine its authority and impair its ability to administer and enforce the Rent Stabilization Program effectively."

■ Our standard of review of an agency's interpretation of its governing statute and implementing regulations is a familiar one: "Although we are vested with the final authority on issues of statutory construction, we must defer to an agency's interpretation of the statute [and implementing regulations] which it administers . . . so long as that interpretation is reasonable and consistent with the statutory language." *Franklin v. District of Columbia Dep't of Employment Servs.*, 709 A.2d 1175, 1176 (D.C.1998) (quoting *District of Columbia v. Davis*, 685 A.2d 389, 393 (D.C. 1996)) (internal quotation marks and citations omitted); *see also Hanson v. District of Columbia*, 584 A.2d 592, 595 (D.C.1991).

■ The RHC's interpretation of its authority to dismiss an appeal is grounded in part in its "inherent power . . . to hear and dispose of motions." *Stancil v. District of Columbia Rental Hous. Comm'n*, 806 A.2d 622, 625 (D.C.2002). Under the circumstances of this case, where Mr. Mullin failed to abide by the RHC's order to pay the rent increase into an escrow account or provide a supersedeas bond, *see Mullin, supra*, 747 A.2d at 137, we agree with amicus curiae's assessment of the denial of the power to enforce its own regulations

by ordering a dismissal of Mr. Mullin's appeal: "To deny the [RHC] the power to enforce its orders by the sanction of dismissal if necessary would undermine its authority and impair its ability to administer and enforce the Rent Stabilization Program effectively." This conclusion is consistent with *Stancil, supra* at 622. After reviewing D.C.Code § 45–2512(a)(2) (2000 Supp.),[3] and our case law, we "discern[ed] no flaw in the RHC's reasoning" concerning its inherent power to dismiss an appeal. *Id.* at 625; *see also Coumaris v. District of Columbia Alcoholic Beverage Control Bd.*, 660 A.2d 896, 900–01 (D.C. 1995) (rejection of an agency petition permitted "notwithstanding the absence of explicit language authorizing dismissal of the petition"). Consequently, we hold that the RHC had inherent authority to dismiss Mr. Mullin's appeal because of his failure to comply with an order of the Commission.

■ There is yet another basis on which RHC relies to support its power to dismiss an appeal. That basis is found in 14 DCMR § 3828.1 which directs the RHC to be guided by "the current rules of civil procedure published and followed by the Superior Court of the District of Columbia and the rules of the District of Columbia Court of Appeals" whenever its own rules "are silent on a procedural issue." As we pointed out in *Stancil, supra*, this court's Rules 13 and 14 permitted the filing of a motion to dismiss "whenever an appellant fails to take the necessary steps to comply with the court's procedural rules," and the dismissal of an appeal "for failure to comply with [our] rules."[4] *Id.* at 625. Thus,

---

3. Recodified at D.C.Code § 3502.02(a)(2), which provides that:

 (a) The Rental Housing Commission shall:

 . . . .

 (2) Decide appeals brought to it from decisions of the Rent Administrator. . . .

4. The Rules of the District of Columbia Court of Appeals were revised and recodified, effective January 2, 2004. D.C.App. R. 13(a) now provides: "The court, sua sponte or upon motion of the appellee, with or without notice, may dismiss an appeal for failure to

consistent with these rules, RHC's conclusion that it has the power to dismiss an appeal for failure of compliance with its own rules is reasonable. *See also Radwan v. District of Columbia Rental Hous. Comm'n,* 683 A.2d 478, 480 (D.C.1996) ("Absent a regulation specifically governing the exercise of the Commission's discretion, it is not unreasonable for the agency to look to factors relied upon by the courts under a similar rule and similar circumstances.").

Since we conclude that the RHC's interpretation of its statute and regulations to permit the dismissal of Mr. Mullin's appeal for failure to comply with its "regulations for stays, 14 DCMR [§ ] 3802.10, and es-

crow accounts, 14 DCMR [§ ] 3806," RHC's Order on Motion to Dismiss Appeal, April 30, 1998, at 16, is reasonable, and we need not review the RHC's alternative ruling on the merits of Mr. Mullin's appeal.

Accordingly, for the foregoing reasons, we affirm the agency's decision dismissing Mr. Mullin's appeal.

*So ordered.*

---

comply with a rule of this court or where

otherwise warranted."