**FELICITY'S, INC., d/b/a Felicity's Cultural Center, Petitioner**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

**No. 02–AA–58.**

District of Columbia Court of Appeals.

Submitted March 18, 2003.

Decided June 17, 2004.

Ronald Gilchrist, was on the brief for petitioner.

Arabella W. Teal, Interim Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel at the time the brief was filed, and Mary T. Connelly, Assistant Corporation Counsel, were on the brief for respondent.

Before TERRY, STEADMAN, and FARRELL, Associate Judges.

TERRY, Associate Judge:

Felicity's Cultural Center ("Felicity") seeks review of an order of the Board of

Appeals and Review ("the Board")[1] dismissing Felicity's administrative appeal because of counsel's failure to file a brief. Felicity contends that the dismissal of its appeal was an abuse of discretion. We affirm.

## I

Since 1995 Felicity has operated a public hall on Chillum Place, N.W., which has served as a venue for dances, concerts, and other social events. In early 2000 Felicity applied to the Department of Consumer and Regulatory Affairs ("DCRA") for renewal of its public hall license. On August 18, 2000, after a three-day hearing, the DCRA's Office of Adjudication ("OAD") denied the application because "the continued operation of the public hall would most likely cause persistent noise, litter/trash, boisterous and unruly behavior and parking problems for the [surrounding] community . . . and, more specifically, the residents who reside within 600 feet of the boundary lines of the Felicity's Cultural Center." Felicity filed a timely administrative appeal and, on September 5, filed a motion to stay the OAD's order. That motion was denied.

On September 29, 2000, Felicity's counsel wrote to the Board requesting clarification on how to order a transcript of the hearing. In that letter, counsel acknowledged receipt of a previous letter from the Board explaining that Felicity would have to order and pay for its own transcript because the case involved a "violation and/or civil infraction." Apparently the Board confused the instant case with an-

other of Felicity's appeals, involving a fine for a civil infraction, which was also pending before the Board at that time.[2] Felicity's letter corrected this mistake and inquired "whether or not the petitioner is still responsible for ordering and paying for a transcript," since the appeal involved the denial of a license renewal rather than a civil infraction. In response, the Board issued an order on November 30, 2000, stating, "If a party intends to dispute findings of fact based on evidence at a hearing below, a transcript ordinarily will need to be produced." The order further asked Felicity to respond to the following question: "Have you submitted to the Board the documents on which you intend to rely, which may include a hearing transcript?"

Unsatisfied with the Board's response, counsel wrote another letter to the Board, dated November 30, 2000, which reiterated that the appeal concerned the denial of Felicity's license renewal application rather than a civil infraction and, once again, requested that the Board "inform us as to whether or not petitioner is still responsible for ordering and paying for a transcript . . . ."

On December 8, 2000, DCRA filed the administrative record with the Board, with no transcript included.

On May 10, 2001, the Board issued another order. Unlike the earlier order of November 30, this order specifically responded to Felicity's inquiry about the transcript:

> [W]ith respect to petitioner's inquiry, there is no pre-condition . . . that petitioner provide a transcript. At the same

1. In its petition for review, Felicity originally named the District of Columbia Department of Consumer and Regulatory Affairs as the respondent. However, because Felicity actually is asking us to review a decision of the Board of Appeals and Review, we have corrected the caption to so reflect. *See F.W.*

*Woolworth Co. v. District of Columbia Board of Appeals and Review,* 579 A.2d 713, 713 n. 1 (D.C.1990).

2. *See Felicity's, Inc. v. District of Columbia Department of Consumer and Regulatory Affairs,* 817 A.2d 825 (D.C.2003).

time ... petitioner will be seriously handicapped without a transcript insofar as the appeal rests on the allegation that the DCRA decision is not supported by substantial evidence.... DCRA rules require transcripts to be provided by an appellant, unless waived. Board rules state that we accept transcripts as part of the record and the record is to be submitted by DCRA. *Note our rules in 1 DCMR Sec. 505.* [Emphasis added.]

More importantly for purposes of this litigation, the May 10 order also stated that Felicity "shall file a brief with the Board covering all the issues raised in its appeal" within forty-five days from the date of the order.

On May 25 Felicity's counsel filed a response to the Board's May 10 order, attaching a "copy of transcription tapes 8, 9, and 10 which petitioner will utilize in presenting his appeal." The transcript to which counsel was referring was prepared by The Language Doctors, Inc., a translation service. Counsel also stated that he was "in possession of all the other transcription tapes" and requested direction as to "the procedure to be used to forward all these other tapes to the Board in the event the testimony contained therein is utilized in the petitioner's appeal."

The Board responded on June 21 by issuing an order informing Felicity that the transcripts it had provided had not been certified as a true copy of the audiotapes and had not been first submitted to DCRA, which "has the exclusive responsibility of submitting to the Board the official record on appeal." The order further reminded Felicity that "[a]s stated in our

previous order ... all transcripts ordered by a petitioner for use in an appeal must be provided to the relevant District agency for transmittal to the Board."

After receiving the June 21 order, counsel for Felicity forwarded the transcripts prepared by The Language Doctors to OAD on July 2 and requested that they be transmitted to the Board. In a response dated July 23, 2001, OAD agreed to forward the transcripts to the Board, but stated that it would not "make any representation as to its truth and accuracy." OAD also mentioned in its response that "its records do not reflect a request from a transcriber or the parties to the case" and that "the OAD does not prepare and transmit a transcript." [3]

Once Felicity's counsel sent the transcripts to OAD, there was no more correspondence between him and the Board. The forty-five day period for filing a brief set forth in the May 10 order passed, but Felicity did not file a brief. As a result, on October 4, 2001, DCRA filed a motion to dismiss the appeal based on Felicity's failure to file a brief. On October 12 the Board entered an order granting the motion and dismissing the appeal.

On October 30, 2001, Felicity filed a motion for reconsideration which stated in relevant part:

You know full well that the Petitioner's Response requested DIRECTION as to how to proceed since the Board of Appeals had insinuated in writing that the transcripts DELIVERED to the Board and taped testimony on cassettes provided may not be legally sufficient or appropriate. You didn't respond and

---

**3.** OAD's response also stated that a "transcript shall not be made unless it is requested in accordance with 16 DCMR Section 3210," which sets forth specific steps for ordering a transcript. The record does not indicate whether Felicity received a copy of OAD's response; however, that is irrelevant because 16 DCMR § 3210 is applicable only to appeals in cases involving civil infractions (further indicating that OAD also was confusing this appeal with Felicity's other pending case).

now you are trying to hold us accountable for your inaction and non-responsiveness. [Capitalization in original.]

Felicity also filed a supplemental motion stating, "It is quite obvious that the petitioner cannot write a Brief unless he knows or is informed as to whether the transcription tapes can be relied on by him in writing his appeal or whether he must write an Appeal which does not require any portion of the transcription tapes."

On January 2, 2002, the Board issued its final decision dismissing Felicity's appeal. The gist of the Board's findings was that its order of June 21, 2001, was sufficient to advise Felicity how to submit transcripts to the Board, and that Felicity received and understood those instructions. The Board also found unpersuasive Felicity's argument that it could not file a brief until it received direction as to how to request a transcript, considering that Felicity's counsel indicated in his letter of May 25, 2000, to the Board that he did not necessarily intend to use all of the tapes for the appeal. Accordingly, the Board found that Felicity was not entitled to disregard the deadline for filing its brief and "simply await" further instructions from the Board. The Board also exercised its discretion to dismiss Felicity's appeal with prejudice because the hearing examiner's decision was not questionable or defective on its face.

## II

### A. *The Board's Authority to Dismiss the Appeal*

■ "In general, this court reviews an agency decision only to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law."

*Stancil v. District of Columbia Rental Housing Comm'n,* 806 A.2d 622, 623 (D.C. 2002) (citation omitted). With that standard in mind, we note that a Board regulation states: "If an appellant fails to file a brief in a timely manner, an appellee may move for dismissal of the appeal." 1 DCMR § 510.10 (2001). It was certainly reasonable for the Board to interpret this regulation as its authority to dismiss an appeal based on a failure to file a brief. Moreover, this court has consistently held that it will "uphold the agency's interpretation of its own procedural regulation unless that interpretation is clearly wrong." *Waste Management of Maryland, Inc. v. District of Columbia Board of Zoning Adjustment,* 775 A.2d 1117, 1122 (D.C.2001) (citation and internal punctuation omitted). Therefore, because the Board undoubtedly has the authority under section 510.10 to dismiss an appeal for failure to file a brief, its decision to do so in this case was not contrary to law.

■ Even if 1 DCMR § 510.10 could possibly be read in a way that does not explicitly authorize the Board to dismiss an appeal for failure to file a brief, this court looks favorably on an agency's decision to adopt procedures employed by the courts of the District of Columbia when there is no applicable regulation. *See Stancil,* 806 A.2d at 625. Under the circumstances here, the Board could have found guidance in this court's Rule 31(c), which states: "If an appellant fails to file a brief within the time provided by this rule . . . an appellee may move to dismiss the appeal." *See also Levy v. Currier,* 587 A.2d 205, 206 n. 2 (D.C.1991) (under Rule 31(c), dismissal of an appeal is an available sanction for failure to file a brief on time).[4]

---

4. Furthermore, as we noted in *Stancil,* at least one judge has observed that an agency probably has "implicit" authority, within its general administrative power, to dismiss an appeal or petition for review. *See* 806 A.2d at 625 (citing *Coumaris v. District of Columbia Alcoholic Beverage Control Board,* 660 A.2d 896, 903 (D.C.1995) (Pryor, J., concurring)).

## B. *The Board's Decision to Dismiss the Appeal in This Case*

■ Having concluded that the Board had legal authority to dismiss the appeal because of Felicity's failure to file a brief, we turn to the question of whether the Board abused its discretion in opting to exercise this authority. "[T]he function of the court in reviewing administrative action is to assure that the agency has given full and reasoned consideration to all material facts and issues. The court can only perform this function when the agency discloses the basis of its order by an articulation with reasonable clarity of its reasons for the decision." *Dietrich v. District of Columbia Board of Zoning Adjustment,* 293 A.2d 470, 473 (D.C.1972). While we hold that the Board did not abuse its discretion, we note that this case is not as clear-cut as the Board and DCRA make it out to be.

In its findings the Board said that its order of June 21, 2001, gave sufficient guidance to Felicity. This, in our view, was an overstatement. Instead of specifically setting forth the steps Felicity needed to take in order to have a transcript prepared and made part of the record, the order merely referred Felicity to a regulation, which states in relevant part: "Upon receipt of a notice of appeal the Executive Officer shall promptly acknowledge receipt . . . and request the Director to compile, index, and transmit to the Board . . . the following: A summary (or a transcript, if any) of all testimony given . . . ." 1 DCMR § 505.1(c). In this case, however, no transcript was made simultaneously with the hearing. Consequently, this regulation would not inform a litigant of the specific steps to be taken in order to obtain a transcript that would be acceptable to the Board.[5]

Nevertheless, we need not dwell on whether the Board's orders provided adequate guidance to Felicity—or even, for that matter, whether the Board had a duty to provide such guidance under the circumstances presented here—because counsel's misunderstanding of the proper procedure for preparing a transcript and making it part of the record in no way affected the clarity of the Board's order to file his brief by a specified date. Even if counsel was still uncertain as to the proper procedure, his further attempts to seek clarification in no way impeded him from seeking an extension of time for filing his brief. *Cf. Waste Management of Maryland,* 775 A.2d at 1123 (holding that Waste Management could have taken an appeal and applied for a variance simultaneously). The fact that the Board did not remind Felicity that its brief was due (or overdue) is of no consequence, for it had no obligation to do so. *See Stancil,* 806 A.2d at 625 ("Given petitioner's lack of initiative [in seeking a continuance], the RHC was surely under no duty to grant a continuance *sua sponte* on his behalf").

■ Finally, the Board's decision not just to dismiss Felicity's appeal but to do so with prejudice was not an abuse of discretion. By counsel's own admission, the crux of Felicity's appeal would have been that the hearing examiner based his ruling on evidence that was not properly entered into the record. Specifically, Felicity wished to challenge the OAD's consideration of a letter from a member of the Council of the District of Columbia. Before deciding to dismiss with prejudice, the Board examined the OAD's decision of Au-

---

5. By no means do we suggest that counsel was blameless. His sending occasional letters to the Board can hardly be characterized as due diligence in attempting to learn the proper procedure, and counsel does not appear to have conducted any independent research.

gust 18, 2000, and concluded that the hearing examiner "relied on a great deal of testimony and evidence," and that "[e]ven if ... some evidence or exhibits were not properly admitted into evidence, it appears that there was ample other evidence to support [the examiner's] findings."

An agency's findings will be left undisturbed if they are supported by substantial evidence in the record as a whole, *see Spevak v. District of Columbia Alcoholic Beverage Control Board*, 407 A.2d 549, 553 (D.C.1979), even if contrary evidence also exists in the record, *see K.G.S., Inc. v. District of Columbia Alcoholic Beverage Control Board*, 531 A.2d 1001, 1003 (D.C.1987). Regardless of whether the letter from the Council member was improperly admitted into evidence, the OAD's decision was made after it took into account a great deal of other evidence apart from that letter. The Board, reviewing the whole record, could thus reasonably conclude that a single letter would not have been dispositive; at the very least, the Board could permissibly rule—as it did—that the OAD's ruling was not questionable or defective on its face. Accordingly, the Board did not err in dismissing the appeal with prejudice. *Cf. Lynch v. Meridian Hill Studio Apts., Inc.*, 491 A.2d 515, 520 (D.C.1985).

The Board's decision is therefore

*Affirmed.*