891 A.2d 253 (2006)
William A. KAMEROW, Petitioner,
v.
DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,
Flora Baccous and Donzello Crank, Intervenors.
No. 04-AA-1293.
District of Columbia Court of Appeals.
Argued January 12, 2006.
Decided February 2, 2006.
*254 Patrick G. Merkle, Washington, DC, for petitioner.
Stacey L. Anderson, Assistant Attorney General for the District of Columbia, with whom Robert J. Spagnoletti, Attorney General for the District of Columbia, and Edward E. Schwab, Deputy Attorney General, were on the brief, for respondent.
Noah Monick, Neighborhood Legal Services Program, with whom Patrick McCaffery, Neighborhood Legal Services Program, was on the brief, for intervenors.
Before SCHWELB, REID and GLICKMAN, Associate Judges.
REID, Associate Judge:
This case arises out of tenant petitions filed with the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") by intervenors Flora Baccous and Donzello Crank in 1998, alleging, inter alia, that their housing providers, including petitioner William A. Kamerow, charged rent above the last registered rent ceiling. A DCRA hearing examiner found in their favor. On September 17, 2004, after additional agency proceedings, the District of Columbia Rental Housing Commission ("the RHC") determined that William A. Kamerow's appeal of DCRA's final decision was untimely and dismissed his appeal. Mr. Kamerow filed a petition for review with this court. The RHC contends that this court lacks jurisdiction to *255 review Mr. Kamerow's petition on its merits. We agree and affirm the agency's September 17, 2004, decision and order.

FACTUAL SUMMARY
The record before us shows that a hearing examiner in DCRA's Office of Adjudication determined in October 2001, that Mr. Kamerow, owner of a small condominium housing accommodation, located at 1211 Holbrook Terrace, in the Northeast quadrant of the District of Columbia, failed to register his property, and charged rent in excess of the lawful rent ceiling. Hence he was liable to the intervenors for damages, including treble damages based on bad faith.[1] Mr. Kamerow appealed to the RHC. The RHC issued a decision in September 2002, "den[ying] the issues that the housing provider raised on appeal," vacated the treble damages award and remanded "the decision for findings of fact that support the hearing examiner's decision to award treble damages," and imposed a fine of $500.00 for failure to register the housing accommodation. Mr. Kamerow filed a petition for review in this court on October 31, 2002. However, his petition was dismissed on December 10, 2002, "for lack of jurisdiction as having been taken from a non-final order."
In response to the RHC's 2002 remand decision, the hearing examiner made findings of fact in support of the award of treble damages, and issued his findings on April 9, 2004. Mr. Kamerow appealed to the RHC. However, the RHC dismissed Mr. Kamerow's appeal on the ground that it was untimely, noted that it had "affirmed the underlying judgment against the housing providers" in its September 2002 decision, and ordered Mr. Kamerow to "pay rent refunds to [the intervenors] in accordance with the hearing examiner's decision and order issued on October 12, 2001," as well as the $500.00 fine imposed on Mr. Kamerow in its 2002 decision and order. The section on appeal rights, set forth in the April 9, 2004 decision of the hearing examiner, stated that the appeal had to be filed on or before April 28, 2004. RHC regulations specified that its offices were required to be open from 8:30 a.m. to 4:30 p.m., except on Saturdays, Sundays and legal holidays. Mr. Kamerow sought to file his appeal after 4:30 on April 28th. In its order dismissing his appeal, the RHC determined that when he found the doors locked, Mr. Kamerow "stood visibly and persistently at the locked door." Upon advice from one of the RHC commissioners, a staff member opened the door, advised Mr. Kamerow that the office was closed but, in accordance with RHC's regulations, "date-stamped the notice of appeal at 4:49 p.m." The RHC determined that it lacked jurisdiction to hear Mr. Kamerow's appeal because he "did not file [it] within the required time period." See 14 DCMR § 3800.2 (2004).

ANALYSIS
The RHC maintains that Mr. Kamerow's appeal was untimely because he failed to meet the 4:30 p.m. deadline on April 28, 2004, for the filing of his appeal. Mr. Kamerow argues that his notice of appeal was due on April 28, 2004, that "[t]here is no statutory limitation" and "no after-hours filing system." He asserts that he followed the practice of calling the RHC to ascertain whether a late filing could be *256 made and "staff advised that they would be present to accept a notice of appeal until 5:00 p.m." Intervenors contend that the RHC reasonably interpreted its regulations, and that "one who chooses to file a brief after ordinary business hours runs the risk that the filing will be rejected."
Mr. Kamerow urges us to reach the merits of the issues he has presented for review, but jurisdiction is a threshold issue, and if we have no subject matter jurisdiction, we "should so hold and dismiss the proceeding, without attempting to resolve the substantive questions presented." Tenants of 1255 New Hampshire Ave., N.W. v. District of Columbia Rental Hous. Comm'n, 647 A.2d 70, 75 n. 5 (D.C. 1994) (citations omitted). We have jurisdiction to review the RHC's jurisdictional decision and order, dismissing Mr. Kamerow's "notice of appeal" as untimely filed, because it was filed within the thirty-day deadline of this court's rules governing petitions for review of agency orders, see D.C.App. R. 15(a)(2). However, if we uphold the RHC's jurisdictional decision and order, as we do, we have no jurisdiction to review either the RHC's order of September 26, 2002, or its order of September 17, 2004, on the merits.[2]
We have previously held that the RHC has the authority to dismiss appeals. See Mullin v. District of Columbia Rental Hous. Comm'n, 844 A.2d 1138, 1141 (D.C. 2004) ("the RHC ha[s] inherent authority to dismiss [an] appeal [for] failure to comply with an order of the Commission"); see also Stancil v. District of Columbia Rental Hous. Comm'n, 806 A.2d 622, 625 (D.C. 2002) ("no flaw in the RHC's reasoning" "that it possessed an inherent power to dismiss an appeal as part of its general power to hear and dispose of motions").
The question we now confront is whether the RHC's interpretation of its regulations relating to filing of pleadings, particularly the rule specifying its official business hours, was unreasonable or arbitrary. Under the applicable standard of review, "[a]lthough we are vested with the final authority on issues of statutory construction, we must defer to an agency's interpretation of the statute [and implementing regulations] which it administers... so long as that interpretation is reasonable *257 and consistent with the statutory [or regulatory] language." Mullin, supra, 844 A.2d at 1141 (citing Franklin v. District of Columbia Dep't of Employment Servs., 709 A.2d 1175, 1176 (D.C.1998) (quoting District of Columbia v. Davis, 685 A.2d 389, 393 (D.C.1996) (internal quotation marks and other citations omitted))).
As the RHC recognized in its dismissal order, we have declared previously that "[t]he time limits for filing appeals with administrative adjudicative agencies, as with courts, are mandatory and jurisdictional matters." Zollicoffer v. District of Columbia Pub. Schs., 735 A.2d 944, 945-46 (D.C.1999) (citation and internal quotation marks omitted). "A failure to file a notice of appeal within the required time period divests the agency of jurisdiction to consider the appeal." Id. at 946 (citation and internal quotation marks omitted). In its general regulatory provisions the RHC specifies that "[t]he office of the Commission shall be open daily from 8:30 a.m. to 4:30 p.m., except Saturdays, Sundays, and legal holidays." 14 DCMR § 3800.2. Pleadings must be filed "in person" or "by mail." See 14 DCMR § 3801.1 ("All pleadings and other documents to be filed with the Commission shall be filed by delivering [them] in person to the Commission staff..., or by mail ..., unless otherwise directed."). Section 3801.2 of 14 DCMR explicitly states that "[n]o pleading or other documents shall be deemed filed until actually received at the Commission's office and compliance with time requirements shall be calculated from the date of actual receipt." Regardless of whether a pleading is timely or not, 14 DCMR § 3801.3 provides in full: "All pleadings and other documents filed with the Commission shall be promptly date-stamped by the Commission staff and entered into the Commission's daily log." And, 14 DCMR § 3801.6 makes clear that acceptance of a late document for filing is not a waiver of the RHC's rules: "The receipt of a pleading or other document which is not timely ... shall not constitute a waiver of the requirements of this title; and any such pleading or document may be rejected by the Commission." Not only do the RHC's statute and rules inform the parties that an appeal must be filed with it "within ten (10) days after a final decision of the Rent Administrator is issued," see 14 DCMR § 3802.2 and D.C.Code § 42-3502.16(h), but the hearing examiner's April 9, 2004 decision and order advised Mr. Kamerow that his appeal had to be filed "on or before April 28, 2004."
Given these statutory and regulatory provisions, it was not unreasonable or arbitrary for the RHC to rule that Mr. Kamerow's appeal was untimely since he chose to file it in person and it was not received at the RHC's office until 4:49 p.m. on April 28, 2004, after the official hours had ended. The regulations specified that the office would be open only until 4:30 p.m., and Mr. Kamerow was advised that the office was "closed" at the time he sought to file his appeal. Acceptance of the appeal and its date-stamping by a staff member were ministerial acts performed in accordance with the rules, which categorically specified that such acceptance did not constitute a waiver of the timeliness requirement. The published official hours of the RHC's office, together with its regulations governing the filing of pleadings, put Mr. Kamerow on notice that his appeal would be untimely if it was filed after 4:30 p.m. on April 18, 2004. Hence, it was neither arbitrary nor unreasonable for the RHC to interpret its rules to mean that to be timely, a notice of appeal must reach the RHC's office no later than 4:30 p.m. on the day of filing.
Mr. Kamerow's suggestion at oral argument, that he was "lulled" into *258 believing that he could file his appeal before 5 p.m., is unavailing. "The `lulling' or `unique circumstances' doctrine was designed to create a very narrow equitable exception to rigorous filing requirements." Chase v. District of Columbia Alcoholic Beverage Control Bd., 669 A.2d 1264, 1269 (D.C.1995) (citing Frain v. District of Columbia, 572 A.2d 447, 451-52 (D.C.1990) (internal quotation marks omitted)). "Key to the doctrine ... is whether the party filing late has been affirmatively misled into delaying the filing ... by some action or conduct of the [RHC]." Hahn v. District of Columbia Water and Sewer Auth., 727 A.2d 317, 320 (D.C. 1999) (citing Frain, supra, 572 A.2d at 451) (quoting Robinson v. Evans, 554 A.2d 332, 335 (D.C.1989)) (internal quotation marks omitted). "[I]n order to show a lulling, concrete evidence must be presented that clearly establishes that such activity occurred." Jones v. Government Employees Ins. Co., 621 A.2d 845, 847 (D.C.1993) (citation omitted). There is not even a hint, let alone "concrete evidence," in the record before us that the RHC "affirmatively misled" Mr. Kamerow into thinking that as long as he filed his appeal prior to 5 p.m. on April 28, 2004, it would be timely. Indeed, it is not even clear that Mr. Kamerow's counsel raised the lulling issue before the RHC. The RHC's September 17, 2004, decision indicates only that counsel for Mr. Kamerow "recounted the events that occurred when he filed the notice of appeal." The lulling doctrine is not mentioned, and the record reflects no proffer to the RHC by counsel for Mr. Kamerow concerning the applicability of the doctrine. In addition, the record contains no motion for reconsideration, or affidavit which challenges the RHC decision under the lulling doctrine. Nor does Mr. Kamerow's appeal brief discuss the lulling doctrine. What we are left with, then, is the bare assertion of Mr. Kamerow's counsel in his brief filed with this court that "a staff person ... offered by phone to accept a filing until at least 5:00 p.m." Counsel for Mr. Kamerow reiterated this statement during oral argument, but the record on review (which does not include a transcript of the hearing before the RHC), contains no indication that any RHC staff person advised counsel that his filing would be accepted up to 5 p.m. At oral argument, counsel acknowledged that he made no effort to inform the RHC that a staff person had assured him that the filing would be accepted up to 5 p.m., despite the fact that he was told at the time he presented his appeal papers that the office was closed. This warning was a clear signal that timeliness of Mr. Kamerow's appeal was a problem. While we often have emphasized "[t]he strong judicial policy favoring [decision] on the merits of [a] claim," see Ouriaghli v. Moore, 621 A.2d 392, 394 (D.C.1993), Mr. Kamerow's untimely appeal and counsel's waiver of the lulling doctrine argument (assuming its applicability) precludes our consideration of the merits of his claim.
For the foregoing reasons, we affirm the decision and order of the RHC dismissing Mr. Kamerow's appeal, ordering the payment of rent refunds (trebled) to the intervenors, and a fine of $500.00.
So ordered.
NOTES
[1] The hearing examiner also found Mary Matthews, Mr. Kamerow's wife and prior owner of the Holbrook Terrace condominium, solely liable to the intervenors for damages assessed for the period March 1, 1997 to March 13, 1997, and jointly and severally liable for damages assessed for the period March 14, 1997 to August 12, 1998. She did not file an appeal.
[2] Although Mr. Kamerow filed a petition for review of the RHC's 2002 order, we dismissed that petition for lack of jurisdiction because it was taken from a non-final order. Mr. Kamerow contends that because the RHC had resolved the underlying liability issue, it was not part of the RHC's order of dismissal. It is true that the RHC affirmed the underlying judgment against Mr. Kamerow in its 2002 order, but it remanded the case to the DCRA for findings of fact on the issue of treble damages. The resolved liability issue accompanied the treble damages issue on its remand to the agency so that a final order could be issued after the required findings of fact were made on the treble damages issue. Thus, the RHC's dismissal embraced the entire case, not just the aspect relating to treble damages. See Tenants of 1255 New Hampshire Ave., N.W., supra, 647 A.2d at 75 (quoting Warner v. District of Columbia Dep't of Employment Servs., 587 A.2d 1091, 1093 (D.C.1991) ("Ordinarily, an order remanding the case to an administrative agency is not a final order.")); see also Washington Metro. Area Transit Auth. v. Director, Office of Workers' Comp. Programs, 824 F.2d 94, 95-96 (1987) (Board decision remanding an agency case to an administrative law judge for a determination of damages where a statutory issue had been resolved was not a final order). Furthermore, since Mr. Kamerow's appeal to the RHC pertaining to the remand decision and order was untimely, the final agency decision on the merits of his case was the hearing examiner's decision on remand, which encompassed his October 2001 findings and conclusions augmented by his April 9, 2004, findings concerning treble damages. Mr. Kamerow did not file his petition for review of that decision within the time specified in D.C.App. R. 15(a)(2). Consequently, we have no jurisdiction to review the merits of his claim.